UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Eastern Division

Case No. <u>04-CV-12128-PBS</u>

KAARINA KVAAVIK,
    Plaintiff,

vs.

VISTATEC, INC.,
VISTATEC, LTD., and
MERVYN DYKE, Individually,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)

# DEFENDANT-IN-COUNTERCLAIM KAARINA KVAAVIK'S ANSWER TO PLAINTIFF-IN-COUNTERCLAIM MERVYN DYKE'S COUNTERCLAIM

Defendant-in-Counterclaim Kaarina Kvaavik (hereinafter "Ms. Kvaavik") answers the Counterclaim of Mervyn Dyke as follows:

1.    Admitted except that the sexual relationship began in February 1999.

2.    Admitted.

3.    Ms. Kvaavik admits that she intended Mr. Dyke to rely on her statement that she was unable to bear a child. She has no information as to whether he in fact relied upon her statement.

4.    Denied.

5.    Admitted to the extent that Mr. Dyke occasionally questioned whether he was the father.

6.    Ms. Kvaavik admits the statements contained in sentences one through four of paragraph 6. The statement in sentence five is denied. Further answering, Ms. Kvaavik broke off

1

her relationship with Mr. Dyke in or around February 2002. They got back together again in late May 2002. At the time Ms. Kvaavik slept with Richard Jacobs, she was not having a relationship with Mr. Dyke.

7.    Admitted.

8.    Admitted.

9.    Admitted except that the date January 2004 should be November 2003.

10.    Admitted.

11.    Ms. Kvaavik admits the first sentence of paragraph 11 except that the date February 2003 should be May 2003. Ms. Kvaavik admits the second sentence of paragraph 11. She admits that on one occasion Mr. Dyke assisted in arranging child care in Dublin. The fourth sentence is admitted to the extent that on occasions when he traveled to the United States he stayed with Ms. Kvaavik and S. in Ms. Kvaavik's home. As to the fifth sentence, Ms. Kvaavik denies that Mr. Dyke was involved in S.'s daily care.

12.    Admitted to the extent that on one occasion Mr. Dyke provided a monetary gift to S. Further answering, Mr. Dyke never deposited any money into S.'s bank account.

13.    Admitted except that Mr. Dyke did not assist in giving S. a bath or putting her to bed, but simply observed Ms. Kvaavik do so.

14.    Admitted to the extent that Ms. Kvaavik took steps to end contact between herself and Mr. Dyke that included ending contact between Mr. Dyke and S.

15.    Admitted.

16.    Denied.

17.    Admitted. Further answering, at the time there was a restraining order in place that prevented either Ms. Kvaavik or Mr. Dyke from having personal contact with each other.

18.    Admitted.

19.    Admitted to the extent that Ms. Kvaavik suspected for a short period of time prior to May 2004 that Richard Jacobs was the father of S.

20.    Ms. Kvaavik is without sufficient knowledge to either admit or deny the allegations in Paragraph 20.

21.    Admitted. Further answering, Ms. Kvaavik was out of the country on vacation in Sweden from June 21 to July 6, 2004.

## COUNT I

## Intentional Infliction of Emotional Distress

22.    Ms. Kvaavik's responses to paragraphs 1 through 21 above are incorporated herein by reference and reasserted as if fully set forth herein.

23.    Ms. Kvaavik is without information sufficient to admit or deny the allegations in paragraph 23, and calls on Mr. Dyke to prove same.

24.    Ms. Kvaavik is without information sufficient to admit or deny the allegations in paragraph 24, and calls on Mr. Dyke to prove same.

25.    Ms. Kvaavik is without information sufficient to admit or deny the allegations in paragraph 25, and calls on Mr. Dyke to prove same.

26.    Ms. Kvaavik is without information sufficient to admit or deny the allegations in paragraph 26, and calls on Mr. Dyke to prove same.

27.    Ms. Kvaavik is without information sufficient to admit or deny the allegations in paragraph 27, and calls on Mr. Dyke to prove same.

28.    Ms. Kvaavik is without information sufficient to admit or deny the allegations in paragraph 28, and calls on Mr. Dyke to prove same.

29.   Paragraph 29 states a conclusion of law to which no response is required.

## COUNT II

### Negligent Infliction of Emotional Distress

30.   Ms. Kvaavik's responses to paragraphs 1 through 29 above are incorporated herein by reference and reasserted as if fully set forth herein.

31.   Paragraph 31 states a conclusion of law to which no response is required.

32.   Paragraph 32 states a conclusion of law to which no response is required.

33.   Paragraph 33 states a conclusion of law to which no response is required.

## COUNT III

### Fraud and Deceit

34.   Ms. Kvaavik's responses to paragraphs 1 through 33 above are incorporated herein by reference and reasserted as if fully set forth herein.

35.   The statements contained in paragraph 35(a) and 35(b) were true.  The statement contained in paragraph 35(c) was true at the time it was made but turned out to be false.

36.   Denied.

37.   Ms. Kvaavik admits the first sentence of paragraph 37.  Ms. Kvaavik is without information sufficient to admit or deny the allegations in the second sentence of paragraph 37, and calls on Mr. Dyke to prove same.

38.   Paragraph 38 states a conclusion of law to which no response is required.

39.   Ms. Kvaavik is without information sufficient to admit or deny the allegations in paragraph 39, and calls on Mr. Dyke to prove same.

4

## AFFIRMATIVE DEFENSES

1.    Counts I, II and III of the Counterclaim fail to state a claim upon which relief can be granted.

2.    Mr. Dyke's claims for relief are barred or limited by the doctrines of waiver and estoppel.

3.    If Mr. Dyke proves that Ms. Kvaavik was negligent as alleged, Mr. Dyke was negligent to a greater degree than Ms. Kvaavik and is barred from recovery under the comparative negligence law of the Commonwealth of Massachusetts.

4.    Mr. Dyke was contributorily negligent to his alleged injuries and if said negligence is found to be less than the negligence of Ms. Kvaavik said amount of recovery must be reduced by that amount.

5.    Ms. Kvaavik has acted reasonably, in good faith, and in accordance with her legal duties, rights, and obligations at all material times hereto.

6.    At all times, Ms. Kvaavik acted in good faith.

7.    Ms. Kvaavik's conduct was neither extreme nor outrageous.

8.    Ms. Kvaavik lacked the requisite intent.

9.    Mr. Dyke's claim for intentional infliction of emotional distress fails because any emotional distress he suffered was not severe or of a nature that no reasonable man could be expected to endure.

10.    Mr. Dyke's claim for negligent infliction of emotional distress fails because he did not suffer objective symptomology.

11.    Ms. Kvaavik's conduct did not proximately cause any injury or damage suffered by Mr. Dyke.

5

12.  Ms. Kvaavik hereby gives notice that she intends to rely upon such other and further

defenses as may become available or apparent during discovery proceedings in this action and

hereby reserves the right to amend her Answer to assert any such defense.

WHEREFORE, Ms. Kvaavik requests that this Court enter judgment on the

Counterclaims in her favor, dismiss said claims and award her costs.

Respectfully Submitted,
By Her Attorneys

Nina Joan Kimball      BBO# 547567
Justine H. Brousseau   BBO# 553776
Kimball, Brousseau & Michon, LLP
One Washington Mall, 14th Floor
Boston, MA  02108
(617) 367-9449

DATED: January 3, 2005

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2005, a true copy of this document was served on all of the attorneys of record in this matter via first class mail, postage prepaid.

Beth Hennessy, Paralegal

cc:    Jean A. Musiker, Esq.
       Sugarman Rogers Barshak & Cohen, P.C.
       101 Merrimac Street
       Boston, MA 02114

       Bridnetta D. Edwards, Esq.
       ReedSmith LLP
       1301 K Street, N.W., Suite 1100 – East Tower
       Washington, D.C. 20005