UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KAARINA KVAAVIK,<br><br>                      Plaintiff,<br>    v.<br><br>VISTATEC, INC.,<br>VISTATEC, LTD., and<br>Mervyn Dyke, Individually<br>                      Defendant. | Case No. 04-12128 PBS |

**ANSWER OF DEFENDANTS VISTATEC, INC. AND VISTATEC, LTD.,
TO THE PLAINTIFF'S COMPLAINT**

Defendants, VistaTec Inc. and VistaTec Ltd. ("Defendants"), by and through their undersigned counsel, hereby answer the Complaint in the above-captioned matter. Defendants deny all allegations of the Complaint not specifically admitted herein.

**ANSWERS TO NUMBERED PARAGRAPHS**

1.  Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.  Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.  Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.  The allegations contained in Paragraph 4 require no response from Defendants because they are directed to another defendant. To the extent an answer is required, the allegations are admitted.

5.  The allegations contained in Paragraph 5 contain legal conclusions to which no answer is required. To the extent that the allegations do not accurately reflect the law, they are denied.

6. The allegations contained in Paragraph 6 contain legal conclusions to which no answer is required. To the extent that the allegations do not accurately reflect the law, they are denied.

7. The allegations contained in Paragraph 7 contain legal conclusions to which no answer is required. To the extent that the allegations do not accurately reflect the law, they are denied.

8. The allegations contained in Paragraph 8 require no response from Defendants because they are directed to another defendant. To the extent a response is required, the allegations are denied.

9. Defendants admit Plaintiff was employed by VistaTec Inc. in February 2000 as a Business Development Manager for the Northeast region of the United States. The remaining allegations contained in Paragraph 9 are denied.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the second, third, and fourth sentences of Paragraph 11. The first sentence of Paragraph 11 contains a legal conclusion to which no answer is required. To the extent that a response is required, the allegation is denied.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint. Defendants further aver that they had a sexual harassment policy contained in their employee handbook and that Plaintiff, during the course of her employment, reviewed and worked on policies in the handbook.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit the first sentence of Paragraph 17.  The remaining allegations contained in Paragraph 17 are denied.

18. Defendants deny the first and second sentences of Paragraph 18.  Defendants further deny the last sentence as phrased and as misleading in that the allegations are taken out of context.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. In answer to Paragraphs 1-19, Defendants incorporate by reference their responses set forth above.

21. The allegations contained in Paragraph 21 require no response from Defendants because they are directed to another defendant.  To the extent that a response is required, the allegations are denied.

22. The allegations contained in Paragraph 22 contain legal conclusions to which no answer is required.  To the extent that a response is required, the allegations are denied.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. The statement contained in Paragraph 24 requires no response from Defendants because it is directed to another defendant.  To the extent that a response is required, Defendants incorporate by reference their responses set forth above.

25-31. The allegations contained in Paragraphs 25-31 require no response from Defendants because they are directed to another defendant.  To the extent that a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendants do not concede that each of the matters covered by the numbered defenses are to be proven by it, and Defendants reserve their position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint.

**Defense No. 1**     The Complaint fails to state a claim upon which relief can be granted.

**Defense No. 2**     The Plaintiff's claims are barred by the exclusivity provisions of Mass. Gen. Laws ch. 151B.

**Defense No. 3**     Count II of the Complaint is preempted by Mass. Gen. L. c. 152, § 1 et seq., the worker's compensation statute.

**Defense No. 4**     Plaintiff's claims are by the doctrine of unclean hands.

**Defense No. 5**     Plaintiff's claims are barred by the doctrines of waiver and estoppel.

**Defense No. 6**     Plaintiff is barred from relief due to her failure to mitigate damages and by the doctrine of avoidable consequences.

**Defense No. 7**     Plaintiff's claims for punitive damages are barred because Defendants did not act with malice or reckless indifference to Plaintiff's protected rights, in that any allegedly unlawful employment decisions or acts of Defendants' agents, if any occurred, were contrary to their good-faith efforts to comply with applicable laws.

**Defense No. 8**     This Court has no jurisdiction over Plaintiff's claims to the extent that the events transpired in a foreign jurisdiction, to wit Ireland.

**Defense No. 9**     Plaintiff's claims and/or alleged damages may be barred or limited by the doctrine of after-acquired evidence.

**Defense No. 10**     Plaintiff, by her own acts and omissions, is estopped from recovering judgment against Defendants.

**Defense No. 11**     Defendants' conduct did not create a hostile work environment.

**Defense No. 12**     To the extent that Defendants' employees did engage in inappropriate conduct or discrimination against Plaintiff, Defendants undertook all reasonable steps to ensure that such conduct ceased immediately.

**Defense No. 13**     Plaintiff failed to provide adequate notice of any alleged harassment or discrimination to Defendants.

**Defense No. 14**     The alleged conduct was not severe enough to alter the terms and conditions of Plaintiff's employment.

**Defense No. 15**     Defendants exercised reasonable care to prevent and promptly correct any alleged harassment or discrimination.

Defendants reserve the right to plead additional and further affirmative defenses that may become available through the course of discovery.

WHEREFORE, Defendants pray that Plaintiff's claim be dismissed and that Defendants be awarded their costs.

        Respectfully submitted,

        /s/Timothy P. Van Dyck
        Timothy P. Van Dyck
        Windy L. Rosebush
        **Edwards & Angell, LLP**
        101 Federal Street
        Boston, MA 02110
        (617) 951-2254

Local Counsel for Defendants

And

**REEDSMITH LLP**

Bridnetta D. Edwards
Michele N. Hansen
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, DC  20005-3317
(202) 414-9200
National Counsel for Defendants

### CERTIFICATE OF SERVICE

I, Timothy P. Van Dyck, hereby certify that I caused a true copy of the foregoing Defendants' Answer to Plaintiff's Complaint to be served by first class mail, postage prepaid, this 24th day of January, 2005, upon Nina Joan Kimball, Esq., Kimball, Brousseau & Michon, LLP, One Washington Mall 14 Floor, Boston, MA 02108 and Jean A. Musiker, Esq., Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, 9th Floor, Boston, MA 02114-4737.

/s/ Timothy P. Van Dyck_____
Timothy P. Van Dyck