UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Eastern Division                                         Case No. 04-CV-12128-PBS

KAARINA KVAAVIK,                    )
    Plaintiff,                              )
                                    )
vs.                                 )
                                    )
VISTATEC, INC.,                     )
VISTATEC, LTD., and                 )
MERVYN DYKE, Individually,          )
    Defendants.                             )

# PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD CLAIMS FOR SEXUAL HARASSMENT

Now comes the Plaintiff Kaarina Kvaavik pursuant to Fed. R. Civ. P. 15(a) and moves for leave to amend her Complaint and Jury Demand dated October 6, 2004 ("Complaint") to add two claims for sexual harassment against the Defendant VistaTEC, Inc., VistaTEC, Ltd., and Mervyn Dyke individually, under Mass. Gen. L. c. 151B §§ 4(1), 4(4A) & 4(16A) and 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964). The Complaint should be amended because (1) there is a strong public policy in favor of freely allowing amendments to complaints, which is embodied in Fed. R. Civ. P. 15(a), and (2) no exceptional circumstances exist that would justify denying leave to amend the Complaint.

## Introduction

On October 6, 2004, Plaintiff filed this action for damages and equitable relief against Defendants, VistaTEC, Inc., VistaTEC, Ltd., and Mervyn Dyke, individually, for sexual

1

harassment in violation of Mass. Gen. L. c. 214, § 1C (Count I), and against Mervyn Dyke, individually, for assault and battery (Count II) and intentional infliction of emotional distress (Count III).

## Administrative Filing Requirements and Jurisdiction of this Court

1. On October 6, 2004, Ms. Kvaavik timely filed a charge of discrimination pursuant to Mass. Gen. L. c. 151B with the Massachusetts Commission Against Discrimination ("MCAD"), naming VistaTEC, Inc., VistaTEC, Ltd. and Mervyn Dyke, individually, as Respondents.

2. Pursuant to Mass. Gen. L. c. 151B, § 9, Ms. Kvaavik removed her Charge from the MCAD in order to file her claim in court. Her MCAD Charge was dismissed by the MCAD on February 10, 2005.

3. On October 6, 2004, Ms. Kvaavik timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), naming VistaTEC, Inc., VistaTEC, Ltd. and Mervyn Dyke, individually, as Respondents.

4. Ms. Kvaavik removed her Charge from the EEOC in order to file her claim in court and received Notice of Right to Sue from the EEOC on February 10, 2005.

5. By meeting her administrative filing requirements and receiving her Right to Sue letter, Ms. Kvaavik is now entitled to file her Chapter 151B and Title VII claims in court.

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 based on federal question over the claims raised under 42 U.S.C. § 2000e, *et seq.*, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims raised under Mass. Gen. L. c. 151B.

## LEGAL ARGUMENTS

### A. Leave to Amend Should be Freely Granted

Rule 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts are meant to look favorably upon requests to amend a complaint so that meritorious claims can be tested on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Ms. Kvaavik was required by Chapter 151B and by Title VII to file her sexual harassment claims first at the MCAD and the EEOC before she could bring these claims in court. Pursuant to the statute, Ms. Kvaavik was required to wait ninety (90) days before withdrawing her claim from the MCAD and the EEOC. The 90 days have passed. Ms. Kvaavik has now withdrawn those claims from the MCAD and EEOC, and she is therefore now legally entitled to add those claims to her pending civil action.

### B. No Circumstances Exist For Refusing To Allow Plaintiff To Amend Her Complaint

Only in exceptional circumstances, not present here, should the Court refuse to allow Ms. Kvaavik to amend her complaint. Ms. Kvaavik has not engaged in "undue delay, bad faith or dilatory motive." *Foman*, 371 U.S. at 182. To the contrary, she moved promptly to withdraw her claims once the 90-day deadline passed. Nor will there be any undue prejudice to the opposing party. *See id.* The Defendants are already on notice of the allegations underlying the sexual harassment claims, and consolidating Ms. Kvaavik's sexual harassment claim in the federal court action, rather than having her claims proceed in two separate fora, will be beneficial to all parties by cutting down on the time and expense of engaging in piecemeal and potentially duplicative litigation.

If Ms. Kvaavik's motion for leave to amend is granted, Ms. Kvaavik will file an Amended Complaint and Jury Demand that includes Count IV (Sexual Harassment – Mass. Gen. L. c. 151B, §§ 4(1), 4(4A) and 4(16A)), and Count V (Sexual Harassment – 42 U.S.C. § 2000e, et seq.) as set forth in Exhibit A attached hereto.

Respectfully Submitted,
By Her Attorneys

Nina Joan Kimball   BBO# 547567
Justine H. Brousseau  BBO# 553776
Kimball, Brousseau & Michon, LLP
One Washington Mall, 14th Floor
Boston, MA  02108
(617) 367-9449

Dated: February 16, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2005, I served a true copy of Plaintiff's Motion for Leave to Amend Complaint to Add Claims for Sexual Harassment on all of the Defendants' attorneys of records via first class mail, postage prepaid.

Beth Hennessy, Paralegal

4