FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 FEB 25 P 1: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

Eastern Division                                                                    Case No. 04-CV-12128-PBS

| | |
|---|---|
| KAARINA KVAAVIK, <br> Plaintiff, | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| VISTATEC, INC., <br> VISTATEC, LTD., and <br> MERVYN DYKE, Individually, <br> Defendants. | ) <br> ) <br> ) <br> ) |

# JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 (D)

Pursuant to the Notice of Scheduling Conference issued by this Court on February 10, 2005, counsel for the parties conferred for the express purpose of 1) preparing an agenda of matters to be discussed at the March 4, 2005 scheduling conference, 2) the parties' positions on preparing a proposed pre-trial schedule for the case, including the parties' positions on discovery, and 3) considering whether they will consent to trial by Magistrate Judge. Based on this conference, the parties submit the following:

1.  **The parties' proposed agenda for the scheduling conference:**

    a)  Motion to admit Attorney Bridnetta Edwards *pro hac vice*.

    b)  The parties' respective positions regarding a proposed pre-trial and discovery schedule; and

    c)  Status of settlement discussions.

1

2.  **The parties' positions on discovery plan:**

- <u>Plaintiff's position:</u> It is the Plaintiff's position that discovery should proceed in two phases with the first phase limited to that discovery necessary to conduct a realistic assessment of the claims, followed by mediation, and then if the case does not settle, Phase II to conduct whatever additional discovery is necessary for trial. In Phase I, Plaintiff anticipates conducting a limited number of depositions including the individual Defendant Mervyn Dyke and one or more employees of VistaTEC, Inc. and VistaTEC, Ltd. depending on what discovery reveals. Plaintiff also anticipates needing to serve a limited number of document requests, interrogatories, and requests for admission in Phase I depending on what is disclosed during the Initial Disclosures required by Rule 26. Plaintiff anticipates being able to conclude Phase I in six months.

- <u>Defendant VistaTEC, Inc. and VistaTEC, Ltd.'s position</u>: Vistatec, Inc. and Vistatec, Ltd. are in agreement with the plaintiff's position regarding phased discovery, but would limit the number of depositions each party can take to 5, in Phase I. Vistatec, Inc. and Vistatec, Ltd. also are not opposed to mediation before any formal discovery is commenced.

- <u>Defendant and Plaintiff-In-Counterclaim Mervyn Dyke's position</u>: Defendant and Plaintiff in Counterclaim, Mervyn Dyke, does not believe that phased discovery will be of assistance to the parties in resolving the instant matter. He anticipates that, in order to more fully develop the assessment of his counterclaim, the parties will need to conduct discovery of witnesses who presently reside in England, Ireland and Sweden, as well as several states within the United States, including California and the state of Washington. The time and expense required to conduct this extraterritorial discovery may have a deleterious impact on the parties' ability to resolve this matter in a reasonable fashion. For the same reason, Mr.

Dyke respectfully suggests that an exploration of alternative dispute resolution should be conducted prior to the commencement of any discovery.

3. **Proposed schedule for the filing of Motions**

The parties propose filing dispositive motions forty-five (45) days after the conclusion of discovery.

4. **Magistrate Judge**

The parties do not agree to a trial of this matter by a Magistrate Judge at this time.

5. **Rule 16.1 (D)(4) Certifications (Local Rule 16.1(D)(3) certifications, as modified by the court's order)**

Plaintiff's and Defendants' Rule 16.1(D) (4) & (3) certifications, respectively concerning litigation budgets and alternative dispute resolution are attached hereto, filed herewith.

**[COUNSEL SIGNATURES NEXT PAGE]**

RESPECTFULLY SUBMITTED,

FOR THE PLAINTIFF AND DEFENDANT IN COUNTERCLAIM KAARINA KVAAVIK,

*/s/ Nina J. Kimball*

Nina Joan Kimball    BBO# 547567
Justine H. Brousseau    BBO# 553776
Kimball, Brousseau & Michon, LLP
One Washington Mall, 14th Floor
Boston, MA 02108
(617) 367-9449

FOR THE DEFENDANTS VISTATEC, INC. AND VISTATEC, LTD.,

*/s/ Bridnetta Edwards (NJK)*

Bridnetta D. Edwards
ReedSmith LLP
1301 K Street, N.W.,
Suite 1100 – East Tower
Washington, D.C. 20005
(202) 4149200

*/s/ Timothy Van Dyck (NJK)*

Timothy P. Van Dyck    BBO#548347
Windy Rosebush    BBO#636962
Edwards & Angell LLP
101 Federal Street
Boston, MA 02110
(617) 951-2254

FOR THE DEFENDANT AND PLAINTIFF IN COUNTERCLAIM MERVYN DYKE,

*/s/ Jean A. Musiker (NJK)*

Jean A. Musiker    BBO# 365410
Matthew J. Fogelman    BBO # 653916
Sugarman Rogers Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114
(617) 227-3030

Dated: February 25, 2005

4