# Exhibit A

FILED
CLERKS OFFICE

2005 MAR 22 P 3: 08

U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Eastern Division                                    Case No. <u>04-CV-12128-PBS</u>

| | |
|---|---|
| KAARINA KVAAVIK,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| VISTATEC, INC.,<br>VISTATEC, LTD., and<br>MERVYN DYKE, Individually,<br>    Defendants. | )<br>)<br>)<br>) |

## Amended Complaint and Jury Demand

### Introduction

This is an action for damages and equitable relief by Plaintiff, Kaarina Kvaavik, against Defendants, VistaTEC, Inc., VistaTEC, Ltd., and Mervyn Dyke, individually, for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, Mass. Gen. L. c. 151B §§ 4(1), 4(4A) & 4(16A) and Mass. Gen. L. c. 214, § 1C, and against Mervyn Dyke, individually, for assault and battery and intentional infliction of emotional distress.

### Parties

1.  Plaintiff Kaarina Kvaavik ("Ms. Kvaavik"), is an adult individual currently residing at 5 Tedesco Street, Marblehead, Essex County, Massachusetts 01945.

2.  Defendant VistaTEC, Inc. is a foreign corporation incorporated in the State of Delaware with a principal place of business at 8304 Custer Road, Bethesda, Maryland 20817. For

1

purposes of service of process, VistaTEC, Inc.'s Registered Agent is listed as Corporation Service Company, 84 State Street, Boston, Massachusetts 02109, as such designation appears in the records of the Corporations Division of the Secretary of State for the Commonwealth of Massachusetts.

3. Defendant VistaTEC, Ltd. is a privately held company with headquarters at VistaTEC House, 700 South Circular Road, Kilmainham, Dublin 8, Ireland.

4. Defendant Mervyn Dyke ("Defendant Dyke") is the President of VistaTEC, Inc. and is the Chairman and Chief Executive Officer of VistaTEC, Ltd. and resides at Holly Cottage, Ballycorus Road, Kilternan, Dublin 18, Ireland.

## Jurisdiction

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 based on federal question over the claims raised under 42 U.S.C. § 2000e, *et seq.*, jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims raised under Mass. Gen. L. c. 151B.

6. This Court has personal jurisdiction over VistaTEC, Inc. because it is registered to do business in Massachusetts.

7. This Court has personal jurisdiction over VistaTEC, Ltd. because it regularly solicits and does business in Massachusetts through its subsidiary VistaTEC, Inc.; it exercises pervasive control over the business operations of its subsidiary; and it derives substantial revenue from business in Massachusetts.

8. This Court has personal jurisdiction over Mr. Dyke as the President of VistaTEC, Inc. He also engaged in managerial control over Ms. Kvaavik and he made personal visits to Massachusetts to solicit and transact business.

## Factual Allegations

9. Ms. Kvaavik was employed by Defendants VistaTEC, Inc. and VistaTEC, Ltd. as Business Development Manager for the Northeast US from February 2000 until she was forced to resign on December 12, 2003.

10. VistaTEC, Inc. sells VistaTEC, Ltd.'s software localization services to companies in the United States. VistaTEC, Ltd.'s website states that it has "locations in the U.S. and headquarters in Dublin, Ireland," and states that a "growing number of U.S.-based software publishers and IT companies . . . have selected VistaTEC as a provider for globalization services."

11. The operations of VistaTEC, Inc. and VistaTEC, Ltd. are interrelated. During Ms. Kvaavik's tenure, VistaTEC, Inc. had only three (at times four) employees, all of whom did sales and marketing in the U.S. for VistaTEC, Ltd.'s software localization services. Hiring and other major decisions affecting the company were made by the parent company's CEO, Mervyn Dyke, and its managers at the company's headquarters in Dublin, Ireland. Ms. Kvaavik reported to Mr. Dyke and attended regular quarterly management meetings in Dublin four times a year.

12. For a period of time, Ms. Kvaavik had a consensual sexual relationship with Mr. Dyke.

13. On many occasions, Ms. Kvaavik attempted to end the relationship, only to be threatened, cajoled and bullied into resuming the relationship or into having sex with Mr. Dyke in order to ward off his anger and to keep her job. Mr. Dyke's behavior was erratic. He often got angry at her, and threatened to fire her if she did not continue to have a relationship with him.

14. As far as Ms. Kvaavik knew, the company did not have a sexual harassment policy, and she was unaware of any procedure for complaining about sexual harassment.

15. On a number of occasions, Ms. Kvaavik told Unn Villius, the Vice President of Business Development for VistaTEC, Inc., about Mr. Dyke's conduct and that she believed she had to consent to his advances in order to keep him from getting angry at her and to keep her job.

16. By at least the fall of 2003, Ms. Kvaavik was steadfast in her repeated refusals to submit to having sex with Mr. Dyke or to continuing a personal relationship with him.

17. In December 2003, Ms. Kvaavik was in Dublin, Ireland for business meetings and the company Christmas party. On December 11, 2003, Mr. Dyke stalked Ms. Kvaavik at the apartment where she was staying. He once again begged her to resume a relationship with him, and she once again refused.

18. The next evening, December 12, 2003, at the company Christmas party, in front of her coworkers, Mr. Dyke hit Ms. Kvaavik and told her he could easily do it again, only it would be worse. Ms. Kvaavik was scared as she felt she could no longer control or avoid his erratic behavior. She told Ms. Villius that she was afraid of Mr. Dyke and had no choice but to resign.

19. Ms. Kvaavik resigned from the company on December 12, 2003.

## CAUSES OF ACTION
## COUNT I
### SEXUAL HARASSMENT – Mass. Gen. L. c. 214, § 1C
### (VistaTEC, Inc., VistaTEC, Ltd., and Mervyn Dyke, Individually)

20. Ms. Kvaavik realleges and incorporates by reference paragraphs 1 through 19 above.

21. By engaging in the conduct described above, Defendant Dyke has engaged in quid pro quo sexual harassment.

22. Defendants VistaTEC, Inc. and VistaTEC, Ltd., through the actions of their agent Mervyn Dyke, subjected Ms. Kvaavik to quid pro quo sexual harassment in violation of Mass. Gen. L. c. 214, §1C.

23. As a result of the conduct alleged, Ms. Kvaavik suffered loss of income and employment benefits, other financial losses, emotional distress, damage to her reputation, attorneys' fees and costs.

WHEREFORE, Ms. Kvaavik requests that this Court enter a judgment on Count I above ordering Defendants VistaTEC, Inc., VistaTEC, Ltd. and Mervyn Dyke to pay to Ms. Kvaavik the following: back pay, compensatory damages, damages for emotional distress, punitive damages, damages for harm to reputation, attorneys' fees, costs and interest, and such other relief as the Court deems just and proper.

## COUNT II

### Assault & Battery
### (Mervyn Dyke, Individually)

24. Ms. Kvaavik realleges and incorporates by reference paragraphs 1 through 23 above.

25. Defendant Dyke intentionally threatened Ms. Kvaavik with immediate unconsented physical harm by striking her, intending to put Ms. Kvaavik in fear of physical harm, and in fact placing Ms. Kvaavik in reasonable apprehension of physical harm.

26. Defendant Dyke intentionally and without justification used physical force upon Ms. Kvaavik's person by striking her.

27. As a proximate and foreseeable result of Defendant Dyke's conduct, Ms. Kvaavik suffered bodily harm and emotional distress as well as financial losses.

WHEREFORE, Ms. Kvaavik requests that this Court enter a judgment on Count II above ordering Defendant Mervyn Dyke to pay to Ms. Kvaavik the following: compensatory damages for pain and suffering, for emotional distress, and economic damages due to loss of income, and such other relief as the Court deems just and proper.

## COUNT III
### Intentional Infliction of Emotional Distress
### (Mervyn Dyke, Individually)

28. Ms. Kvaavik realleges and incorporates by reference paragraphs 1 through 27 above.

29. Defendant Dyke intentionally and without justification inflicted severe emotional distress on Ms. Kvaavik by extreme and outrageous conduct that no reasonable person could be expected to endure.

30. Mr. Dyke knew or reasonably should have known that Ms. Kvaavik would suffer emotional distress as a result of his conduct.

31. As a result of Defendant Dyke's conduct, Ms. Kvaavik suffered severe emotional distress.

WHEREFORE, Ms. Kvaavik requests that this Court enter a judgment on Count III above ordering Defendant Mervyn Dyke to pay to Ms. Kvaavik the following: compensatory damages including emotional distress damages and such other relief as the Court deems just and proper.

## COUNT IV
### SEXUAL HARASSMENT – Mass. Gen. L. c. 151B, §§ 4(1), 4(4A) and 4(16A)
### (VistaTEC, Inc., VistaTEC, Ltd., and Mervyn Dyke, Individually)

32. Ms. Kvaavik realleges and incorporates by reference paragraphs 1 through 31 above.

33. By engaging in the conduct described above, Defendant Dyke has engaged in *quid pro quo* sexual harassment.

34. By engaging in the conduct described above, Defendants Dyke, VistaTEC, Inc. and VistaTEC, Ltd., through the actions of their agent Mervyn Dyke, subjected Ms. Kvaavik to *quid pro quo* sexual harassment in violation of Mass. Gen. L. c. 151B, §§ 4(1), and 4(16A).

35. By engaging in the conduct described above, Respondent Mervyn Dyke interfered with Ms. Kvaavik's right to be free of discrimination in her workplace in violation of Mass. Gen. L. c. 151B, § 4(4A).

36. As a result of the conduct alleged, Ms. Kvaavik suffered loss of income and employment benefits, other financial losses, emotional distress, damage to her reputation, attorneys' fees and costs.

WHEREFORE, Ms. Kvaavik requests that this Court enter a judgment on Count IV above ordering Defendants VistaTEC, Inc., VistaTEC, Ltd. and Mervyn Dyke to pay to Ms. Kvaavik the following: back pay, compensatory damages, damages for emotional distress, punitive damages, damages for harm to reputation, attorneys' fees, costs and interest, and such other relief as the Court deems just and proper.

### COUNT V
### SEXUAL HARASSMENT – 42 U.S.C. § 2000e, *et seq.*
### (Title VII of the Civil Rights Act of 1964)
### (VistaTEC, Inc., VistaTEC, Ltd., and Mervyn Dyke, Individually)

37. Ms. Kvaavik realleges and incorporates by reference paragraphs 1 through 36 above.

38. By engaging in the conduct described above, Defendant Dyke has engaged in *quid pro quo* sexual harassment.

39. By engaging in the conduct described above, Defendants Dyke, VistaTEC, Inc. and VistaTEC, Ltd., through the actions of their agent Mervyn Dyke, subjected Ms. Kvaavik to *quid pro quo* sexual harassment in violation of 42 U.S.C. § 2000e, *et seq.*

40. As a result of the conduct alleged, Ms. Kvaavik suffered loss of income and employment benefits, other financial losses, emotional distress, damage to her reputation, attorneys' fees and costs.

WHEREFORE, Ms. Kvaavik requests that this Court enter a judgment on Count V above ordering Defendants VistaTEC, Inc., VistaTEC, Ltd. and Mervyn Dyke to pay to Ms. Kvaavik the following: back pay, compensatory damages, damages for emotional distress, punitive damages, damages for harm to reputation, attorneys' fees, costs and interest, and such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all counts so triable.

Respectfully Submitted,
By Her Attorneys

Nina Joan Kimball    BBO# 547567
Justine H. Brousseau  BBO# 553776
Kimball, Brousseau & Michon, LLP
One Washington Mall, 14th Floor
Boston, MA  02108
(617) 367-9449

DATED: February 16, 2005